UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST J. ESPINOZA,<br><br>    Plaintiff,<br><br>  v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>    Defendants. | No. 1:16-cv-00193-DAD-JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION<br><br>(Doc. No. 26) |

  On February 11, 2016, plaintiff filed a complaint naming the State of California, California Highway Patrol, City of Bakersfield, County of Kern, Officer Matt A. Ashe, and Does 1–20 as defendants. On April 15 and 19, 2016, the court dismissed the County of Kern and City of Bakersfield from the action, and the case currently proceeds against defendants State of California, California Highway Patrol, and Officer Matt A. Ashe. (Doc. Nos. 21, 24.)

  On March 28, 2016, defendants filed a motion to dismiss plaintiff's complaint. (Doc. No. 16.) Under the governing Local Rule, plaintiff's opposition to defendant's motion was due April 19, 2016. On April 28, 2016, plaintiff filed a motion seeking an extension of time to file that opposition, arguing that the failure to timely file their opposition was due to "excusable neglect." (Doc. No. 26 at 2.) On April 29, 2016, defendants filed a statement of non-opposition to plaintiff's motion for an extension of time. (Doc. No. 28.)

1

Federal Civil Procedure Rule 6 provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). To determine whether "excusable neglect" exists, courts apply a four-factor equitable test, examining: (1) "the danger of prejudice to the [nonmoving party];" (2) "the length of the delay and its potential impact on judicial proceedings;" (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993). *See also Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). The Ninth Circuit has recognized that there is no "rigid legal rule against late filings attributable to any particular type of negligence," and has permitted extensions of time to be granted for reasons such as calendaring mistakes. *Ahanchian*, 624 F.3d at 1261; *see also Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004).

Plaintiff's counsel has demonstrated the good cause required by Rule 6(b)(1), explaining that their failure to timely file the opposition was an inadvertent docketing/calendaring error on their part. (Doc. No. 26 at 10.) There is also no indication that an extension of time would prejudice the defendants, or that plaintiff's counsel has acted in bad faith. In fact, on April 28, 2016, plaintiff's counsel filed the opposition to the pending motion to dismiss. Finally, defendants do not oppose the motion for an extension of time. (Doc. No. 28.)

Accordingly, the court grants plaintiff's motion for leave to file an out of time opposition to defendants' motion to dismiss. The hearing on the motion has been rescheduled for June 7, 2016 at 9:30 a.m. Defendants may serve and file a reply to plaintiff's opposition not less than seven days preceding that new hearing date. *See* Local Rule 230(d).

IT IS SO ORDERED.

Dated: **May 2, 2016**                        /s/ Dale A. Drozd

UNITED STATES DISTRICT JUDGE