UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST J. ESPINOZA,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>  Defendants. | No. 1:16-cv-00193-DAD-JLT<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. No. 16) |

This matter came before the court on June 7, 2016, for hearing of defendants' motion to dismiss. (Doc. No. 16.) Attorney Gregory Peacock appeared telephonically on behalf of plaintiff Ernest J. Espinoza. Deputy Attorney General Kenny Nguyen appeared telephonically on behalf of defendants State of California, California Highway Patrol ("CHP"), and Matt A. Ashe. Oral argument was heard and defendants' motion was taken under submission.

For the reasons set forth below, defendants' motion to dismiss will be granted in part and denied in part.

## FACTUAL BACKGROUND

On February 11, 2016, plaintiff filed a complaint naming the State of California, the CHP, City of Bakersfield, County of Kern, Officer Matt A. Ashe, and Does 1–20 as defendants. (Doc. No. 1.) On April 15 and 19, 2016, pursuant to stipulation, the court dismissed the County of Kern and City of Bakersfield from this action without prejudice. (Doc. Nos. 21, 24.) Accordingly, this

1

action currently proceeds only against defendants State of California, the CHP, and Officer Matt A. Ashe.  (Doc. Nos. 21, 24.)

In his complaint, plaintiff alleges that he was arrested by the CHP on February 25, 2015, and was beaten by defendant Ashe during the course of that arrest, resulting in plaintiff suffering various injuries including a crushed jaw bone, broken teeth, and a concussion.  (Doc. No. 1 at 2, ¶ 1.)  Based upon these allegations, plaintiff brings three types of claims.  First, plaintiff brings claims under 42 U.S.C. § 1983 against defendant Ashe based on violations of plaintiff's constitutional rights.  (*Id.* at 6–9.)  In particular, plaintiff alleges:  (a) a fourth amendment violation based on his detention and arrest without probable cause; (b) a fourth amendment violation based on the alleged use of excessive force during his arrest; (c) a fourth amendment violation based on him being denied medical care following his arrest; and (d) a violation of his substantive due process rights based upon him being denied medical care.  (*Id.* at 6–9.)  Second, plaintiff brings claims for municipal liability under § 1983 against the State of California and the CHP, alleging ratification of the unconstitutional actions of defendant Ashe as well as inadequate training.  (*Id.* at 9–13.)  Third, plaintiff brings state law claims against all defendants, alleging a violation of California Civil Code § 52.1, battery, intentional infliction of emotional distress, and negligence.  (*Id.* at 13–18.)  Plaintiff seeks the award of economic damages, noneconomic damages, punitive damages, and attorneys' fees.  (*Id.* at 19.)

On March 28, 2016, defendants filed a motion to dismiss plaintiff's complaint in its entirety.  (Doc. No. 16.)  On April 28, 2016, plaintiff filed his opposition to defendants' motion.  (Doc. No. 27.)  Defendants filed their reply on May 31, 2016.  (Doc. No. 32.)

## LEGAL STANDARDS

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Though Rule 8(a)

2

does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). It is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

When ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (documents attached to the complaint are considered a part thereof and may be addressed in resolving a motion to dismiss); *see also Johnson v. Federal Home Loan Mortg. Corp.*, 793 F.3d 1005, 1007 (9th Cir. 2015) (materials referred to in the complaint, but not attached thereto, may be considered on a motion to dismiss, if no one questions their authenticity); *MGIC Indem. Corp. v. Weisman*, 803 F. 2d 500, 504 (9th Cir. 1986) (judicially noticeable materials should be considered by the court in resolving a motion to dismiss).

## ANALYSIS

Defendants move to dismiss plaintiff's complaint on four grounds. First, defendants argue that plaintiff's § 1983 claims against California and the CHP are barred under the Eleventh Amendment. (Doc. No. 16 at 6.) Second, defendants argue that plaintiff's § 1983 claims against defendant Ashe for denial of medical care under the Fourth and Fourteenth Amendments should

be dismissed because plaintiff's claims are governed exclusively by the Fourth Amendment and he has not pled facts sufficient to support a cognizable Fourth Amendment claim. (Doc. No. 16 at 9.) Third, defendants argue that plaintiff's § 1983 claims for unlawful detention and arrest and excessive use of force are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). (Doc. No. 16 at 7.) Finally, defendants argue that plaintiff's Bane Act claim against defendant Ashe should be dismissed because the complaint does not allege any coercion independent of the arrest of plaintiff itself. (Doc. No. 16 at 10.)

In moving to dismiss the complaint, defendants request that the court take judicial notice of several documents. The court will first address defendants' request for judicial notice and, thereafter, will address each of defendants' arguments advanced in support of their motion to dismiss.

I.  **Request for Judicial Notice**

Defendants request that the court take judicial notice of two documents. First, defendants request judicial notice of the criminal complaint filed in *People v. Ernest James Espinoza*, Kern County Superior Court Case No. BF159526A, which charged plaintiff with violating California Penal Code § 496d(a) (possession of stolen vehicle) and § 69 (violently resisting arrest). (Doc. No. 17 at 5–9.) Defendant also requests that judicial notice be taken of the docket in that case, which reflects that plaintiff pled guilty to and was convicted of violating both § 496d(a) and § 69. (Doc. No. 17 at 10–19.) The court grants these requests for judicial notice. *See Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (explaining that courts may take judicial notice of "documents on file in federal or state courts"); *see generally* Fed. R. Evid. 201 (governing judicial notice of adjudicative facts).

II. **Plaintiff's 42 U.S.C. § 1983 claims**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Thus, to make out a valid claim under § 1983, a plaintiff must allege and

eventually prove that: (1) the conduct complained of was committed by a person acting under color of state law; (2) this conduct deprived a person of constitutional rights; and (3) there is an actual connection or link between the actions of the defendants and the deprivation allegedly suffered by plaintiff. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–695 (1978); *Rizzo v. Goode*, 423 U.S. 362, 370–371 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

### a. Section 1983 claims against California and the CHP

Defendants argue that plaintiff's § 1983 claims against the State of California and the CHP are barred under the Eleventh Amendment and should be dismissed. (Doc. No. 16 at 6.) Plaintiff now concedes and stipulates to dismissal of all claims he has brought against California and the CHP. (Doc. No. 27 at 4.) The court accepts plaintiff's stipulation and will dismiss his claims against California and CHP with prejudice.

### b. Section 1983 claims based on denial of medical care

Defendants argue that plaintiff's § 1983 claims against defendant Ashe for denial of medical care in violation of the Fourth and Fourteenth Amendments should be dismissed because the factual allegations of plaintiff's complaint are insufficient to state any claim for a violation of his constitutional rights in this regard. (Doc. No. 16 at 9.)

Claims alleging inadequate medical care during and immediately following an arrest are to be analyzed under the Fourth Amendment. *Tatum v. City and Cty. of S.F.*, 441 F.3d 1090, 1098–99 (9th Cir. 2006); *see also Graham v. Connor*, 490 U.S. 386, 394 (1989).[1] The Fourth Amendment requires that law enforcement officers provide objectively reasonable post-arrest care to an arrestee. *Tatum*, 441 F.3d at 1098–99. A police officer can meet his or her

---

[1] The Fourth Amendment protects pre-trial detainees from mistreatment from arrest up until the time the arrestee is in custody, while the Fourteenth Amendment governs treatment during the period of confinement after an arrestee is in custody. *Torres v. City of Madera*, 524 F.3d 1053, 1056 (9th Cir. 2008) (quoting *Robins v. Harum*, 773 F.2d 1004, 1010 (9th Cir. 1985)).

1  constitutional obligations to provide care for detainees injured during arrest "by either promptly
2  summoning the necessary medical help or by taking the injured detainee to a hospital." *Id.* at
3  1099; *see also City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 245 (1983); *Holcomb v. Ramar*,
4  No. 13–cv–1102, 2013 WL 5947621, at *4 (E.D. Cal. Nov. 4, 2013).  A police officer may
5  violate the Fourth Amendment by failing to act in a reasonably prompt manner, however.
6  *Holcomb*, 2013 WL 5947621, at *4 (stating that, "[b]ecause paramedics were called, the issue is
7  whether the officers made the call in a reasonably 'prompt' manner").  "Whether the officers
8  acted reasonably and were sufficiently 'prompt' depends in part on the length of the delay and the
9  seriousness of the need for medical care." *Id.* (citing *Florek v. Village of Mundelein*, 649 F.3d
10 594, 600 (7th Cir. 2011)).

11  Here, defendants move to dismiss plaintiff's § 1983 claims against defendant Ashe for
12 denial of adequate medical care, arguing that plaintiff has not sufficiently alleged either a Fourth
13 Amendment or a Fourteenth Amendment violation.  (Doc. No. 16 at 9.)  First, defendants argue
14 that plaintiff's Fourteenth Amendment claim should be dismissed because claims involving
15 allegedly inadequate medical care during arrest are governed by the Fourth Amendment.  (*Id.* at
16 9.)  Defendants acknowledge that the Fourteenth Amendment applies to claims of inadequate
17 medical care arising after an arrestee is in custody and before trial, but observe that in his
18 complaint plaintiff alleges only mistreatment during the course of his arrest.  (*Id.*)  Second,
19 defendants argue that plaintiff's complaint does not allege sufficient facts to state a cognizable
20 Fourth Amendment claim.  Defendants note that the complaint contains no allegations that
21 defendant Ashe prevented plaintiff from seeking or obtaining medical care for injuries suffered as
22 a result of his arrest.  (*Id.*)  Defendants also observe that the complaint alleges plaintiff was
23 transported to the Kern Medical Center following his arrest.  (*Id.*)

24  Plaintiff refutes each of defendants' assertions concerning his § 1983 claims against
25 defendant Ashe for alleged denial of adequate medical care.  (Doc. No. 27 at 6.)  Plaintiff argues
26 /////
27 /////
28 /////

that the complaint sufficiently pleads a Fourth Amendment violation. (*Id.* at 7–8.)[2] Specifically, plaintiff points to the language of his complaint in which he alleges Ashe's "denial of immediate medical care" and that Ashe "disregarded that serious medical need, causing [plaintiff] great bodily harm." (*Id.* at 6–7.)

In their reply, defendants acknowledge that plaintiff's complaint alleges a "denial of immediate medical care," but contend that plaintiff has not clearly alleged that his injuries resulted from defendant Ashe's breach of the constitutional obligation to provide reasonable post-arrest medical care. (Doc. No. 32 at 6.) In particular, defendants contend that in his complaint plaintiff fails to allege that his injuries were caused by any delay in his transport to the Kern Medical Center. (*Id.*) Defendants also argue that plaintiff has not pled facts indicating that defendant Ashe was or could have been aware of plaintiff's injuries. (*Id.*)

The undersigned finds defendants' arguments in this regard to be persuasive. In his complaint plaintiff specifically alleges that defendant Ashe "fail[ed] to provide timely medical treatment," and that he knowingly "disregarded that serious medical need, causing [plaintiff] great bodily harm." (Doc. No. 1 at 8, ¶ 45.) Because the complaint alleges that inadequate medical care was provided by defendant Ashe at the time of and immediately after plaintiff's arrest, and not during the period after he was taken into custody and before trial, plaintiff's claims are governed by the Fourth Amendment rather than the Fourteenth Amendment. *See Tatum*, 441 F.3d at 1099; *see also Fonseca v. City of Fresno*, 1:10-cv-00147, 2012 WL 44041, at *9 (E.D. Cal. Jan. 9, 2012). Accordingly, plaintiff's § 1983 claims for denial of adequate medical care are dismissed without leave to amend only to the extent that they are based on plaintiff's assertion of rights under the Fourteenth Amendment.

Turning to plaintiff's Fourth Amendment claim that he was provided inadequate medical care in connection with his arrest, the court notes that the allegations of his complaint acknowledge that he was transported to Kern Medical Center following his arrest. (Doc. No. 1 at

---

[2] Plaintiff also contends that he has adequately alleged a Fourteenth Amendment violation. (Doc. No. 27 at 6.) However, he fails to address defendants' argument that the Fourth Amendment governs claims of inadequate medical care in connection with an arrest. (*Id.*)

6, ¶ 28.) Taking an injured detainee to a hospital is a recognized method of satisfying the requirements of the Fourth Amendment in this regard. *See City of Revere*, 463 U.S. at 245 (finding that the defendant "fulfilled its constitutional obligation by seeing that [the apprehended individual] was taken promptly to the hospital that provided the treatment necessary for his injury"). Thus, to adequately plead a Fourth Amendment violation, plaintiff would have to allege that the defendant failed to act in a reasonably prompt manner in taking him to the hospital. *See Holcomb*, 2013 WL 5947621, at *4; *see also Tatum*, 441 F.3d at 1099. While plaintiff's complaint alleges that medical treatment was not provided in a "timely" manner, (Doc. No. 1 at 8, ¶ 45), this allegation is a conclusion rather than a fact. *See Iqbal*, at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do."). Here, plaintiff's complaint fails to allege specific facts, for instance, those describing the length of delay in taking him to the hospital, any observable medical symptoms exhibited by plaintiff, or defendant Ashe's actions during any alleged delay. Plaintiff has therefore failed to allege sufficient facts supporting a plausible claim for relief under the Fourth Amendment. Plaintiff's § 1983 claims for denial of medical care based on violations of his Fourth Amendment rights will therefore be dismissed with leave to amend.

### c. Section 1983 claims for illegal arrest and detention and excessive force

A plaintiff cannot bring a § 1983 claim arising out of alleged unconstitutional activities that resulted in his criminal conviction unless the conviction is first reversed, expunged, set aside or otherwise called into question. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Specifically, the Supreme Court has held that where a plaintiff is convicted of a crime under state law seeks damages in a § 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed." *Heck*, 512 U.S. at 487.

At the same time, a plaintiff may still bring § 1983 claims challenging unconstitutional activities leading up to an arrest if plaintiff's success on these claims would not necessarily invalidate a conviction or sentence. *See Heck*, 512 U.S. at 487 n.7 (explaining that, "[b]ecause of doctrines like independent source and inevitable discovery, and especially harmless error, such a

8

1 § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was
2 unlawful") (citations omitted); *Beets v. County of Los Angeles*, 669 F.3d 1038, 1042 (9th Cir.
3 2011) ("[T]he relevant question is whether success in a subsequent 1983 suit would 'necessarily
4 imply' or 'demonstrate' the invalidity of the earlier conviction or sentence.").

5 The Ninth Circuit has found that *Heck* bars § 1983 claims premised on arrest and
6 detention without probable cause where that arrest and detention resulted in the plaintiff's
7 conviction. *See Smithart v. Towrery*, 79 F.3d 951, 952 (9th Cir. 1996) ("There is no question that
8 *Heck* bars [plaintiff's] claims that defendants lacked probable cause to arrest him and brought
9 unfounded criminal charges against him"); *see also Garrett v. Ruiz*, No. 11cv2540 IEG (WVG),
10 2013 WL 1342850, at *7 (S.D. Cal. April 3, 2013) ("[I]f plaintiff were claiming that [the relevant
11 police officers] lacked probable cause to arrest him," then *Heck* "would clearly apply to bar his
12 suit").

13 The decision in *Heck* has also been found to bar some, but not all, § 1983 claims premised
14 on claims of excessive use of force where the arrest resulted in a conviction. Specifically, the
15 Ninth Circuit has held that *Heck* does not bar allegations of excessive force by a police officer if
16 such force was distinct temporally or spatially from the factual basis for the person's conviction.
17 *Beets*, 669 F.3d 1038, 1042; *see also Garrett v. Ruiz*, No. 11cv2540 IEG (WVG), 2013 WL
18 1342850, at *7 (S.D. Cal. April 3, 2013). For instance, *Heck* does not bar a plaintiff's § 1983
19 claim challenging excessive use of force by police officers if the plaintiff was convicted for
20 conduct that occurred before the officers began the arrest. *See Hooper v. City of San Diego*, 629
21 F.3d 1127, 1130 (9th Cir. 2011) (explaining that, under such circumstances, "two isolated factual
22 contexts would exist, the first giving rise to criminal liability on the part of the criminal
23 defendant, and the second giving rise to civil liability on the part of the arresting officer");
24 *Sanford v. Motts*, 258 F.3d 1117, 1120 (9th Cir. 2001) (explaining that a successful § 1983 action
25 based on excessive use of force would not necessarily imply the invalidity of the plaintiff's
26 conviction for resisting arrest because "[e]xcessive force used after an arrest is made does not
27 destroy the lawfulness of the arrest"); *see also Smith v. City of Hemet*, 394 F.3d 689, 696 (9th Cir.
28 2005) ("Because we are unable to determine the factual basis for [the defendant's] plea . . . his

lawsuit does *not* necessarily imply the invalidity of his conviction.") (citation omitted).

In moving to dismiss, defendants argue that plaintiff's § 1983 claims against defendant Ashe based on an alleged illegal detention and arrest and on excessive use of force are barred under *Heck*. (Doc. No. 16 at 7.) First, they contend that plaintiff's § 1983 claim alleging illegal detention and arrest is premised on the argument that probable cause was lacking to detain and arrest plaintiff. (*Id.* at 8.) According to defendants, plaintiff's success on this claim would necessarily invalidate his felony convictions for possession of a stolen vehicle and resisting arrest and the claim is therefore barred under *Heck*. (*Id.*) Defendants cite to a criminal complaint filed against plaintiff following his February 24, 2015 arrest, charging him with violating California Penal Code § 496d(a) (possession of stolen vehicle) and § 69 (violently resisting arrest); and to the docket of that case reflecting that plaintiff pled guilty to and was convicted of violating both statutes. (*Id.* at 8.)

Plaintiff contends that *Heck* does not bar his § 1983 claims against defendant Ashe. (Doc. No. 27 at 4.) In particular, plaintiff argues that his success in this § 1983 action challenging Ashe's alleged use of excessive force would not necessarily invalidate his felony convictions, because Ashe's alleged use of excessive force is distinct from the actions that served as the basis for plaintiff's criminal conviction. (Doc. No. 27 at 5.) Specifically, plaintiff argues that he has alleged that defendant Ashe responded unreasonably and with excessive force to plaintiff's unlawful resistance. (*Id.*) However, the court notes that plaintiff does not respond to defendants' argument that *Heck* bars plaintiff's § 1983 claims to the extent that they challenge Ashe's detention and arrest of plaintiff.

The court concludes that *Heck* bars plaintiff's § 1983 claims based on allegations of unlawful arrest and detention, but does not foreclose his §1983 excessive force claim. Plaintiff's success in his § 1983 claim based on arrest and detention without probable cause would necessarily invalidate plaintiff's subsequent criminal conviction. *See Smithart v. Towrery*, 79 F.3d 951, 952 (9th Cir. 1996). *Heck* therefore bars such claims against defendant Ashe. With respect to plaintiff's § 1983 claims premised on defendant Ashe's alleged use of excessive force, however, such conduct was "not necessarily the predicate" for defendants' criminal convictions

under California Penal Code § 496d(a) and § 69. *See Smith v. City of Hemet*, 394 F.3d 689, 699 (9th Cir. 2005). Plaintiff's success in the § 1983 excessive force claim against defendant Ashe would not necessarily imply the invalidity of his convictions and that claim is, therefore, not barred by the decision in *Heck*.

### III. Plaintiff's Bane Act Claim, California Civil Code § 52

California's Bane Act creates a cause of action when a defendant "interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment . . . of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of [California]." Cal. Civ. Code § 52.1(a), (b). "Although analogous to § 1983, it is not tantamount to a § 1983 violation, requiring more than evidence of a violation of rights." *Davis v. City of San Jose*, 69 F. Supp. 3d 1001, 1007 (2014); *see also Shoyoye v. County of Los Angeles*, 203 Cal. App. 4th 947, 959 (2012).

To assert a claim under the Bane Act in connection with a wrongful arrest or detention, as is the case in this lawsuit, the plaintiff must allege threats or coercion "independent from the coercion inherent in the wrongful detention itself." *See Lyall v. City of Los Angeles*, 807 F.3d 1178, 1196 (9th Cir. 2015) (quoting *Shoyoye*, 203 Cal. App. 4th at 959); *see also Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 69 (2015) ("[A] wrongful arrest or detention, without more, does not satisfy both elements of [the Bane Act]"); *cf. Dillman v. Tuolumne Cty.*, 1:13-cv-00404 LJO SKO, 2013 WL 1907379, at *20 (E.D. Cal. May 7, 2013) (interpreting this language to require that a plaintiff bringing a Bane Act claim must allege and show that the challenged unlawful conduct was intentional rather than unintentional).

However, it has been recognized that a plaintiff may assert a cognizable claim under the Bane Act by alleging both unlawful detention and the excessive use of force. *Bender v. County of Los Angeles*, 217 Cal. App. 4th 968, 978 (2013) ("Where, as here, an arrest is unlawful and excessive force is applied in making the arrest, there has been coercion 'independent from the coercion inherent in the wrongful detention itself'—a violation of the Bane Act.") Nonetheless, the Ninth Circuit has not addressed, and district courts in California disagree about, whether a Bane Act claim can be asserted based on allegations of excessive use of force when there is no

1  other constitutional or statutory violation alleged. *Davis v. City of San Jose*, 69 F. Supp. 3d 1001,
2  1007 (N.D. Cal 2014) (collecting cases); *see also Kong Meng Xiong v. City of Merced*, No. 1:13-
3  cv-00083-SKO, 1:13-cv-00111-SKO, 2015 WL 4598861, at *35 (E.D. Cal. July 29, 2015)
4  ("[C]ourts continue to disagree about whether there must be coercion independent from the
5  coercion inherent in the claimed excessive force or unlawful search."). Some district courts have
6  held that, for plaintiffs to state a claim under the Bane Act, they must plead something more than
7  simply the use of excessive force. *See Luong v. City & Cty. of San Francisco*, No. C11–5661
8  MEJ, 2012 WL 5869561, at *8 (N.D. Cal. Nov. 19, 2012); *Hunter v. City & Cty. of San*
9  *Francisco*, No. 11–4911 JSC, 2012 WL 4831634, at *5–6 (N.D. Cal. Oct. 10, 2012); *Lanier v.*
10 *City of Fresno*, No. CV F 10–1120 LJO SKO, 2011 WL 149802, at *4 (E.D. Cal. Jan. 18, 2011).
11 Other district courts have held that a plaintiff may bring a claim under the Bane Act premised on
12 an allegation of excessive force alone. *See Naveed v. City of San Jose*, No. 15-cv-05298-PSG,
13 2016 WL 2957147, at *6 (N.D. Cal. May 23, 2016) ("[W]here officers intentionally use
14 'deliberate and spiteful' force in effecting a lawful arrest, the arrestee can bring a Bane Act
15 claim."); *Davis v. City of San Jose*, 69 F. Supp. 3d 1001, 1008 (N.D. Cal. 2014); *Rodriguez v.*
16 *City of Modesto*, Case No. 10-cv-01370 LJO MJS, 2013 WL 6415620, at *13 (E.D. Cal. Dec. 9,
17 2013).
18    Here, defendants move to dismiss plaintiff's Bane Act claim, arguing that his complaint
19 fails to allege any "force, coercion, or intimidation at any time outside of the 'pat down' and
20 arrest of Plaintiff." (Doc. No. 16 at 10.) In advancing this argument, defendants do not address
21 either the decision in *Bender* or those district court decisions concluding that a Fourth
22 Amendment excessive use of force violation alone satisfies the element of interference with a
23 legal right under the Bane Act.
24    Plaintiff argues that his complaint adequately pleads a Bane Act claim, citing the decision
25 in *Bender*. He also contends that he has alleged coercion beyond the arrest itself, noting the
26 complaint's allegations of both his unlawful detention and the excessive use of force. (Doc. No.
27 27 at 6.) Plaintiff too does not address the split in authority among California district courts
28 concerning Bane Act claims nor the question of whether a valid Bane Act claim may be premised

solely on the allegation of an excessive use of force.

In reply, defendants argue that *Bender* does not apply here because plaintiff's complaint "fails to allege any facts to show that Officer Ashe used excessive force against Plaintiff out of pure spite." (Doc. No. 32 at 4.) Defendants also contend, in conclusory fashion, that plaintiff cannot state a Bane Act claim premised on the use of excessive force alone. (*Id.* at 5.)

The court has considered all of the arguments of the parties and the authorities addressed above and concludes that plaintiff has alleged a cognizable Bane Act claim. The court has already determined that the decision in *Heck* bars plaintiff's § 1983 claim against defendant Ashe to the extent it is based on allegations of an unlawful detention and arrest. *See* Section II(c), above. Therefore, the *Bender* decision—which established that a plaintiff can bring a Bane Act claim based on allegations of both an arrest without probable cause and the use of excessive force—is not determinative of the issue presented here. *See Rodriguez*, 2013 WL 6415620, at *13 ("*Bender* directly *avoids* addressing" a circumstance where plaintiff alleges a lawful arrest and the excessive use of force). In order for plaintiff's claim to withstand defendants' motion to dismiss, the court must thus find that a cognizable Bane Act claim may be premised solely on an allegation of the excessive use of force.

In analyzing this question, the reasoning in *Dillman v. Tuolumne Cty.*, 1:13-cv-00404 LJO SKO, 2013 WL 1907379, at *20 (E.D. Cal. May 7, 2013) is persuasive. There, the court analyzed the statutory requirement that a plaintiff bringing a Bane Act claim must show coercion independent from the coercion inherent in the wrongful detention itself. *Id.* While noting that district courts have disagreed about the significance of this requirement, the court surveyed those decisions and concluded that "the relevant distinction for purposes of the Bane Act is between intentional and unintentional conduct." *Id.* (citing district court decisions either sustaining or dismissing Bane Act claims depending on whether plaintiffs' harm allegedly resulted from defendants' action or inaction). That is, the requirement that a plaintiff "show coercion independent from the coercion inherent in the wrongful detention" may be satisfied if the plaintiff demonstrates intentional rather than unintentional conduct. The court in *Dillman* concluded that "[w]here Fourth Amendment unreasonable seizure or excessive force claims are raised and

13

1  intentional conduct is at issue, there is no need for a plaintiff to allege a showing of coercion
2  independent from the coercion inherent in the seizure or use of force." *Id.* at 21.  In keeping with
3  the reasoning of the court in *Dillman*, the undersigned concludes that plaintiff may bring a Bane
4  Act claim based solely on allegations of the excessive use of force by defendant Ashe.  Moreover,
5  while plaintiff's complaint is sparse with respect to describing the specific actions allegedly taken
6  by defendant Ashe against plaintiff, the complaint does allege that defendant's use of force
7  resulted in plaintiff suffering injuries which included "a broken jaw, a concussion, and [the loss
8  of] several teeth." (Doc. No. 1 at 6.)  Force which would cause such injuries would not appear
9  "to constitute force inherent in an arrest." *Stewart v. California Highway Patrol Officer*, No.
10 2:16-cv-00388-KJM-EFB, 2016 WL 3418340, at *4 (E.D. Cal. June 22, 2016) (citing *Bender*,
11 217 Cal. App. 4th at 979).
12       Accordingly, defendants' motion to dismiss plaintiff's Bane Act claim will therefore be
13 denied.
14 **IV.**     **Amendment**
15       In the event plaintiff elects to amend his complaint in an attempt to adequately state a
16 claim against defendant Ashe for Fourth Amendment violations based upon the alleged denial of
17 adequate medical care, he is reminded of the following.  Local Rule 220 requires that an amended
18 complaint be complete in itself without reference to any prior pleading.  This is because, as a
19 general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375
20 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
21 longer serves any function in the case.  Therefore, in any amended complaint plaintiff elects to
22 file, as in an original complaint, each claim and the involvement of each defendant must be
23 sufficiently alleged.  Finally, any amended complaint must be filed within 21 days of the date of
24 this order.  If plaintiff fails to do so, this action will proceed on his original complaint without all
25 of the claims dismissed by this order including this claim which has been dismissed with leave to
26 amend.
27 /////
28 /////

CONCLUSION

For the reasons stated above, defendants' motion to dismiss (Doc. No. 16) is granted in part and denied in part, as follows:

1. Defendants' motion to dismiss plaintiff's § 1983 claims against defendants the State of California and the CHP is granted, without leave to amend;

2. Defendants' motion to dismiss plaintiff's § 1983 claim against defendant Ashe for Fourth Amendment violations based upon the alleged denial of adequate medical care is granted, with leave to amend. Any amended complaint plaintiff elects to file re-alleging this claim must be filed within 21 days of the date of this order;

3. Defendants' motion to dismiss plaintiff's §1983 claim against defendant Ashe for Fourteenth Amendment violations related to the alleged denial of adequate medical care is granted, without leave to amend;

4. Defendants' motion to dismiss plaintiff's §1983 claim against defendant Ashe for Fourth Amendment violations based upon allegations of plaintiff's unlawful detention and arrest is granted, without leave to amend;

5. Defendants' motion to dismiss plaintiff's §1983 claim against defendant Ashe for Fourth Amendment violations based upon allegations of the defendant's use of excessive force against plaintiff is denied; and

6. Defendants' motion to dismiss plaintiff's Bane Act claim is denied.

IT IS SO ORDERED.

Dated:   **September 15, 2016**                         _____
                                                        UNITED STATES DISTRICT JUDGE