KATHLEEN A. KENEALY
Acting Attorney General of California
PETER A. MESHOT, State Bar No. 117061
Supervising Deputy Attorney General
KENNY V. NGUYEN, State Bar No. 233385
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 323-6311
 Fax: (916) 322-8288
 E-mail: Kenny.Nguyen@doj.ca.gov
*Attorneys for Defendant Officer Matt A. Ashe*

LAYFIELD & BARRETT, APC
GREGORY P. PEACOCK (SBN 277669)
g.peacock@layfieldbarret.com
9170 Irvine Center Drive
Irvine, CA 92618
Telephone: (949) 202-5511
Facsimile: (800) 611-9861
*Attorneys for Plaintiff, Ernest J. Espinoza*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **ERNEST J. ESPINOZA,**<br><br>                                  Plaintiff,<br><br>     v.<br><br>**CALIFORNIA HIGHWAY PATROL; OFFICER MATT A. ASHE,**<br><br>                                  Defendant. | Case No.: 1:16-cv-00193-JLT<br><br>**[PROPOSED] PROTECTIVE ORDER ON STIPULATION AND CONFIDENTIALITY AGREEMENT**<br><br>(Doc. 48) |

COMES NOW, Plaintiff Ernest J. Espinoza ("Plaintiff"), through his counsel of record Gregory Peacock of Layfield and Barrett, APC, and Defendant California Highway Patrol Officer Matt A. Ashe ("Defendant"), though his counsel of record, Deputy Attorney General Kenny V. Nguyen of the California Office of the Attorney General hereby stipulate and agree to the following Confidentiality Agreement and Protective Order:

1. The records identified below are designated as "Confidential Material" and may be only disclosed in this action subject to protective order and this agreement:

    a. California Highway Patrol ("CHP") records regarding the investigation, arrest, and detention of Plaintiff , including but not limited to audio or video recordings, Mobile Video Audio Recording System recordings ("MVARS"), ballistics analysis, witness statements, dispatch recordings and transcripts, SMS or text messages, and emails and other written correspondence.  All birthdates, social security numbers, home and work addresses, drivers' license numbers, home and work telephone numbers, of third party witnesses will be redacted.

    b. CHP records regarding internal investigation into the use of force on Plaintiff All birthdates, social security numbers, home and work addresses, drivers' license numbers, home and work telephone numbers, of third party witnesses will be redacted.

    c. Personnel records relating to the training and qualifications of Defendant, including but not limited his job application, performance reviews, training records, any records of citizen complaints pertaining to excessive use of force, discipline records. All personal identifying information such as birthdate, home address, home phone number, social security and drivers' license numbers will be redacted. Irrelevant personnel records such as benefits information will not be produced.

    d. Highway Patrol Manuals.

2. Confidential Material may not be disclosed except as set forth in paragraphs 3, 4 and 5.

3. Confidential Material may be disclosed only to the following persons:

2

      a.      Counsel for any party to this action;

      b.      Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in 3a.

      c.      Court personnel including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action;

      d.      Any outside expert or consultant retained in connection with this action and not otherwise employed by any party;

      e.      Any "in house" expert designated by Defendant to testify at trial in this matter;

      f.      Witnesses, other than the Plaintiff herein, who may have the documents disclosed to them during deposition proceedings; the witnesses may not leave the depositions with copies of the documents, and shall be bound by the provisions of paragraphs 4 and 5;

      g.      Any neutral evaluator or other designated ADR provider;

      h.      CHP, its representatives and counsel;

      j.      The jury, should this matter go to trial.

4.     Each person to whom disclosure is made, with the exception of counsel who are presumed to know of the contents of this protective order, shall, prior to disclosure: (1) be provided with a copy of this order by the person furnishing him/her such material, and (2) agree on the record or in writing that she/he has read the protective order and that she/he understand the provisions of the protective order.  Such person must also consent to be subject to the jurisdiction of the United States District Court, Eastern District, with respect to any proceeding relating to the enforcement of this order.  As counsel for Defendant and non-party CHP, the California Office of the Attorney General herein shall be entitled to retain possession of the original writings described above.  Nothing in this paragraph 4 is intended to prevent officials or employees of the CHP or other authorized government officials or any other persons from having access to the documents if they would have had access in the normal course of their job duties or rights as a citizen.  Further, nothing in this order prevents a witness from disclosing events or activities personal to them, i.e., a witness can disclose to others previous information given to the CHP or other law enforcement with respect to what she/he saw, heard, or otherwise sensed.  The

Plaintiff's expert(s) or consultant(s) must sign an acknowledgement and agreement to be bound by the terms of this Agreement and protective order, an executed copy of which will be provided to CHP's counsel (i.e., the California Office of the Attorney General) within seven (7) days after formal disclosure of such consultants as expert witnesses in this litigation. The acknowledgment and agreement must contain the following language:

> "As an expert witness for the Plaintiff in this lawsuit, I hereby acknowledge receipt of a copy of the signed Confidentiality Agreement and Protective Order, approved and entered by the Court in this action, and I agree to be bound by all terms and conditions in that Protective Order and recognize that I may be personally found in contempt of Court or subject to other sanctions determined by the Court should I violate any term or condition in that Protective Order."

5. At the conclusion of the trial and of any appeal or upon other termination of this litigation, all Confidential Material received under the provision of this order (including any copies made) shall be delivered back to counsel for Defendant (i.e., the California Office of the Attorney General). Provisions of this order insofar as they restrict disclosure and use of the material shall be in effect until all Confidential Material (including all copies thereof) are returned to counsel for Defendant (i.e., the California Office of the Attorney General).

6. In the event that any party wishes to file Confidential Material with the court, as an exhibit to a pleading or otherwise, the filing party shall first seek an order to file under seal pursuant to Local Rule 141. The Request to Seal documents shall refer to this stipulation and protective order.

7. Nothing in this order shall preclude a party from showing or disclosing any documents, e.g., deposition transcript, pleading or brief, which otherwise contain Confidential Material as defined in paragraph 1, as long as such document has been redacted so as to prevent disclosure of such Confidential Material.

8. The foregoing is without prejudice to the right of any party (a) to apply to the Court for a further protective order relating to any Confidential Material or relating to discovery in this litigation; (b) to apply to the Court for an order removing the Confidential Material designation from any document; and (c) to apply to the Court for an order compelling production of documents or modification of this order or for any order permitting disclosure of Confidential

Materials beyond the terms of this order.  The party making the motion must comply with all meet and confer requirements of the Court.

9. Stipulation to this Confidentiality Agreement and protective order does not constitute a waiver of any objections, including but not limited to, to any discovery on the grounds of relevance, overbreadth, undue burden, equal access, admissibility, materiality, attorney-client privilege, attorney work product, official information privilege, deliberate process privilege, investigative privilege, law enforcement privilege, privileges pursuant to California Penal Code sections 832.7 and 832.8, Evidence Code section 1040, Government Code section 6250 et seq., Peace Officers Bill of Rights, Government Code section 3300, et seq., Information Practices Act of 1977, Civil Code sections 1798 *et seq*, HIPAA, and federal and state privacy laws.

10. Confidential Material disclosed may be used in the litigation of this action only, and not for any other purpose or in any other lawsuit, related or otherwise.

11. Violation of the terms of this protective order may subject a party, and any signatories who violate the protective order including any party's experts or consultants, to any and all permissible sanctions, including dismissal.

**SO STIPULATED:**

Dated:  January 18, 2017

KAMALA D. HARRIS
Attorney General of California
PETER A. MESHOT
Supervising Deputy Attorney General


*/s/ Kenny V. Nguyen*

KENNY V. NGUYEN
Deputy Attorney General
*Attorneys for Defendant Officer Matt A. Ashe*

| | |
|---|---|
| Dated:  January 18, 2017 | */s/ Gregory P. Peacock* |
| | Gregory P. Peacock<br>*Attorneys for Plaintiff Ernest J. Espinoza* |

## **ORDER**

Upon good cause shown, the above Stipulation of the parties is hereby approved and made the Order of this Court.

IT IS SO ORDERED.

| | |
|---|---|
| Dated:  **January 18, 2017** | **/s/ Jennifer L. Thurston**<br>UNITED STATES MAGISTRATE JUDGE |

6