XAVIER BECERRA, State Bar No. 118517
Attorney General of California
PETER A. MESHOT, State Bar No. 117061
Supervising Deputy Attorney General
NICOLE L. ROMAN, State Bar No. 267730
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7663
 Fax: (916) 322-8288
 E-mail: Nicole.Roman@doj.ca.gov
*Attorneys for Defendant California Highway Patrol Officer Matt A. Ashe*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST J. ESPINOZA,<br><br>                              Plaintiff,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL, a government entity; STATE OF CALIFORNIA, a government entity; CITY OF BAKERSFIELD, a government entity; COUNTY OF KERN, a government entity; OFFICER MATT A. ASHE, an individual; and DOES 1 through 20, inclusive,<br><br>                              Defendants. | 1:16-cv-00193-DAD-JLT<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO AMEND THE SCHEDULING ORDER (ECF NO. 47)**<br><br>Date:          January 18, 2018<br>Time:         9:30 a.m.<br>Courtroom:<br>Judge:        Magistrate Jennifer L. Thurston<br>Trial Date:  May 8, 2018<br>Action Filed: February 11, 2016 |

TO PLAINTIFF ERNEST J. ESPINOZA, IN PRO SE:

**PLEASE TAKE NOTICE** that on January 18, 2018 at 9:30 a.m. in the above-referenced courthouse, located at 510 19th Street, Bakersfield, California 93301, Defendant CHP Officer Matt A. Ashe will and hereby does move this Court, under Federal Rule of Civil Procedure 16, for an order amending the Scheduling Order (ECF No. 47), and resetting the current discovery deadlines, pre-trial deadlines, and trial date in this matter.

This motion is made on the grounds that good cause exists to amend the Scheduling Order to re-open discovery and extend the current pre-trial deadlines and the trial date, due to previously

1

assigned counsel's unexpected departure from the office. New counsel has just been assigned and requires time to depose plaintiff Ernest Espinoza, as well as effectively prepare pre-trial motions and for trial. This is Defendant's first request to amend the scheduling order. The good cause is set forth more fully in the Declarations of Alberto L. González and Nicole L. Roman filed herewith.

## INTRODUCTION

Plaintiff Ernest J. Espinoza, proceeding in pro se, alleges that on February 24, 2015, CHP Officer Matt A. Ashe stopped him and carried out a "forceful pat-down" against him, in violation of his Fourth Amendment rights and California Civil Code section 52.1. Previous defense counsel had attempted to depose Mr. Espinoza on three occasions. These depositions had to be continued due to Mr. Espinoza's presence in a rehabilitation center, and later scheduling conflicts. Unfortunately, due to unexpected resignations of previous counsel, the deposition was not rescheduled. Newly assigned counsel Deputy Attorney General Nicole L. Roman acted immediately upon assignment of this case to ascertain the case status. Due to the incomplete discovery and Ms. Roman's conflicting trial schedule, it was determined that a request to amend the scheduling order was necessary. Defendant can establish good cause, and respectfully requests that this Court modify its Scheduling Order to re-open discovery to allow Plaintiff's deposition to be taken, and continue the current pre-trial and trial dates.

## POINTS AND AUTHORITIES

**I. THE COURT HAS DISCRETION TO MODIFY THE SCHEDULING ORDER.**

On November 7, 2016, this Court issued the Scheduling Order. (ECF No. 47.) The Scheduling Order set the deadline for expert and non-expert discovery on November 7, 2017; dispositive motions on January 12, 2018; the Pretrial Conference on March 27, 2018; and the jury trial for May 8, 2018. Defense counsel seeks to amend the scheduling order to allow counsel to

take Plaintiff's deposition, dispositive motions to be filed if appropriate, and a short continuance of the pre-trial and trial dates.

A district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the cases of its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir. 1983) (holding that every court has power to manage cases on its docket and to ensure fair and efficient adjudication of matter at hand). This discretion is in keeping with the district courts' mandate to construe and apply the Federal Rules of Civil Procedure to "secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

Federal Rule of Civil Procedure 16(b) permits modification of a pretrial scheduling order upon a showing of good cause. Fed. R. Civ. P. 16(b). Scheduling orders are intended to facilitate the orderly progress of the litigation and alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). The standard of good cause under Rule 16(b) requires the court to determine whether the party making the request to modify the order exercised diligence. *Id.* at 609. Under the good cause standard, a court may inquire whether the noncompliance with the original order was due to developments not foreseen at the time the court issued the original order, and whether the party seeking modification acted promptly once the noncompliance was discovered. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). "Good cause" to modify a scheduling order exists if the deadline for which modification is sought cannot reasonably be met despite the moving party's diligence. *Noyes v. Kelly Services*, 488 F.3d 1163, 1174 n. 6 (9th Cir. 2007); *Johnson*, 975 F.2d at 609.

## II. DEFENDANT HAS GOOD CAUSE FOR THE COURT TO MODIFY THE SCHEDULING ORDER.

This case was initially assigned to Deputy Attorney General (DAG) Kenny Nguyen. (González Decl. ¶ 2.) During his tenure, Mr. Nguyen diligently managed the case. He assisted the court in creating a workable scheduling order. (González Decl. ¶ 6.) He prepared and argued

a successful Motion to Dismiss. (*Id.*) He propounded and responded to substantial written discovery, including Interrogatories, Request for Production of Documents, Requests for Admissions. (*Id.*) Mr. Nguyen also attempted on three occasions to take the deposition of Mr. Espinoza. (*Id.*) Two of these dates were cancelled due to Mr. Espinoza's presence in a rehabilitation clinic, and the third due to Mr. Nguyen's scheduling conflicts. (*Id.*) Mr. Nguyen left the Department of Justice on July 26, 2017, to accept a position with the California Department of Business Oversight. (*Id.*) Thus, the case was assigned to DAG James C. Phillips. (González Decl. ¶ 2.)

In late November 2017, Mr. Phillips advised his supervisor, Supervising Deputy Attorney General (SDAG) Alberto González, that he had accepted a promotion as an Assistant Chief Counsel with the California Department of Corrections and Rehabilitation. (Id.) Mr. Phillips' last day with the Department of Justice was Friday December 8, 2017. (Id.) Mr. Phillips' departure was unexpected and required substantial complicated reassignment of his caseload. (See González Decl. ¶¶ 2-3.) This was due to significant staffing changes in the Tort and Condemnation Section (TCS) due to a death, medical retirement, extended leaves of absence, and now five transfers to other departments. These have all been senior Deputies. (González Decl. ¶ 3.) Each loss requires transferring existing cases to remaining Deputies, burdening the case load of the Deputies. The current TCS Deputies are taxed with heavy and busy trial calendars. (González Decl. ¶ 4.)

Consequently, SDAG González had to re-assign this matter to DAG Nicole L. Roman, whose notice of change of attorney should now be a matter of record with the Court. (González Decl. ¶ 5.) DAG Roman immediately reviewed the file, and urgently relayed the case history to SDAG González, including the past discovery deadline and impending dispositive motion deadline. (Roman Decl. ¶¶ 3, 5.) SDAG González was not aware that DAG Phillips had not secured the deposition of the plaintiff. (González Decl. ¶ 5.) DAG Roman also has existing case conflicts with the current pretrial and trial dates which affect her ability to effectively participate in and prepare for the currently set schedule. (Roman Decl. ¶ 4.)

As set forth in the Declaration of SDAG González, the Sacramento office of the Tort and Condemnation Section is down four of its normal compliment of fourteen lawyers. (González Decl. ¶ 3.) Consequently, the normal capacity of the office is down about one-third. (González Decl. ¶ 4.) As a result, the Deputies are taxed with heavy and busy caseloads and trial calendars, which only become more so with each departure. (Id.)

Upon receipt of the assignment, Ms. Roman immediately attempted to meet and confer with Mr. Espinoza regarding the proposed scheduling order modification. (Roman Decl. ¶ 6.) However, Mr. Espinoza's phone number (as listed on the court docket) is currently out of order. (*Id.*) Ms. Roman checked the California Department of Corrections and Rehabilitation Inmate Locator as well as the Kern County Jail Inmate Search to determine if Mr. Espinoza had been incarcerated. Both searches came up empty. (*Id.*) Ms. Roman also attempted to contact Mr. Espinoza through his Kern County Probation Officer, to no avail. (Roman Decl. ¶ 8.) Ms. Roman has attempted to confer with Mr. Espinoza via facsimile and overnight mail, but as of the date of this filing, has received no response. (Roman Decl. ¶ 9.)

As stated above, a party must show good cause exists to amend a Scheduling Order. Fed. R. Civ. P. 16(b)(4). In *Kuschner Nationwide Credit, Inc.* 256 F.R.D. 684, 687 (E.D. Cal. 2009), this court has found that:

Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have been reasonably foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order.

Good cause exists in this case. Mr. Nguyen consulted with opposing counsel and diligently assisted the Court with creating the November 7, 2016 Scheduling Order. (González Decl. ¶ 6.) Mr. Nguyen exercised diligence in managing this case, filing appropriate motions and conducting and responding to substantial discovery. (*Id.*) Unfortunately, defense counsel is now unable to comply with the current Scheduling Order deadlines due to matters which were unforeseeable as of November 7, 2016. The unexpected departures of two previously assigned

attorneys was not foreseen at that time. (González Decl. ¶ 2.) Likewise, it was not anticipated that Mr. Espinoza's deposition would need to be continued on multiple occasions. (González Decl. ¶ 6.) Furthermore, Mr. Espinoza's unanticipated pro se status and lack of communication have further complicated matters (this appears to be an on-going problem, as previously reported to the court by his former counsel (ECF 46, p. 2.)). Ms. Roman acted immediately once the non-compliance was discovered. (Roman Decl. ¶ 6.) Reopening discovery solely to allow defense counsel to take Plaintiff's deposition, and allowing a short continuance for pre-trial and trial deadlines is now necessary because of calendar conflicts and, more importantly, in the interests of justice to allow DAG Roman the opportunity to prepare the case for her client. (Roman Decl. ¶¶ 4, 5.)

Mr. Phillips was receiving new case assignments on ongoing cases that required immediate attention. Nonetheless, as a Deputy Attorney General V, the highest line working class which is deemed to require less supervision, it remains unexplained as to why Mr. Phillips did not initiate the appropriate work on this case. (González Decl. ¶ 7.) However, defense counsel requests that the court not prejudice Officer Ashe for the inactions by Mr. Phillips in handling this case. (González Decl. ¶ 8.) Thus, it is respectfully requested that the Court modify the current dates set forth in the Scheduling Order to allow Mr. Espinoza's deposition to be taken, dispositive motions to be filed if appropriate, as well as a short continuance of the pre-trial and trial dates.

### PROPOSED AMENDMENTS TO THE SCHEDULING ORDER

Defendant respectfully requests and proposes that this Court amend the Scheduling Order as follows:

a. Re-open discovery until February 28, 2018 to allow for Plaintiff's deposition to be taken;

b. Continue the deadline to file non-dispositive motions to March 21, 2018;

  c. Continue the deadline to file dispositive motions from January 12, 2018 to May 11, 2018;

  d. Continue the date of the pre-trial conference from March 27, 2018 to July 24, 2018, or a later date compatible with the Court's schedule.

  e. Continue the date of trial from May 8, 2018 to September 11, 2018, or a later date compatible with the Court's schedule.

Dated: December 18, 2017      Respectfully submitted,

XAVIER BECERRA
Attorney General of California
PETER A. MESHOT
Supervising Deputy Attorney General

*/s/ Nicole L. Roman*

NICOLE L. ROMAN
Deputy Attorney General
*Attorneys for Defendant California Highway Patrol Officer Matt A. Ashe*

SA2016101100
33194748.docx

7

XAVIER BECERRA, State Bar No. 118517
Attorney General of California
PETER A. MESHOT, State Bar No. 117061
Supervising Deputy Attorney General
NICOLE L. ROMAN, State Bar No. 267730
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7663
 Fax: (916) 322-8288
 E-mail: Nicole.Roman@doj.ca.gov
*Attorneys for Defendant*
*California Highway Patrol Officer*
*Matt A. Ashe*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST J. ESPINOZA,<br><br>                              Plaintiff,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL, a government entity; STATE OF CALIFORNIA, a government entity; CITY OF BAKERSFIELD, a government entity; COUNTY OF KERN, a government entity; OFFICER MATT A. ASHE, an individual; and DOES 1 through 20, inclusive,<br><br>                              Defendants. | 1:16-cv-00193-DAD-JLT<br><br>**DECLARATION OF NICOLE L. ROMAN IN SUPPORT OF MOTION TO AMEND THE SCHEDULING ORDER**<br><br>Date:           January 18, 2018<br>Time:          9:30 a.m.<br>Courtroom:<br>Judge:         Hon. Jennifer L. Thurston<br>Trial Date:   May 8, 2018<br>Action Filed: February 11, 2016 |

1.  I am an attorney at law, licensed to practice in the state of California, and am employed as a Deputy Attorney General in the California Office of the Attorney General. I am personally familiar with the following facts.

2.  Former Deputy Attorney General Kenny Nguyen (Mr. Nguyen) was assigned to this case from it inception until his departure from the Department of Justice on July 26, 2017. Former Deputy Attorney General James Phillips (Mr. Phillips) was subsequently assigned to this case.

1

Mr. Phillips' last day with the Department of Justice was December 8, 2017.

3.  The case was reassigned to me on December 13, 2017. Upon reassignment, I reviewed the file and urgently relayed to Supervising Deputy Attorney General Alberto Gonzalez the following case history:

- Mr. Nguyen had noticed Plaintiff Ernest Espinoza's deposition on three occasions, but had been unable to complete the deposition due to Mr. Espinoza's presence in a rehabilitation clinic and scheduling conflicts. Thus, Plaintiff's deposition was never taken.
- According to the Court's scheduling order, discovery (expert and non-expert) closed on November 7, 2017.
- According to the Court's scheduling order, the deadline to file dispositive motions is January 12, 2018; said motions must be heard by February 8, 2018.
- According to the Court's scheduling order, the pretrial conference is set for March 27, 2018.

4.  Unfortunately, I have significant conflicts with the current deadlines in this action, including a civil rights/wrongful death case venued in the Superior Court of California, San Joaquin County (*Steven E. Russell, Sr., et al. v. State of California, et al.*, San Joaquin Superior Court Case No. 39-2013-00300469-CU-PO-STK, "*Russell*"). *Russell* currently has a trial date of March 19, 2018, and is anticipated to take three weeks. *Russell* has extensive pre-trial deadlines in December 2017, and January-February 2018. The pre-trial and trial deadlines in *Russell* conflict with the pre-trial and trial deadlines in this case. The *Russell* trial has already been continued once, and it is highly unlikely that it, and the related pre-trial deadlines, will be continued again.

5.  I immediately realized that it would be necessary to request this Court amend the Scheduling Order (ECF 47) to re-open discovery to allow me to take Plaintiff's deposition and file a Motion for Summary Judgment, if appropriate.

6.  I attempted to contact Plaintiff Ernest Espinoza on December 13, 2017 to discuss the request to amend the Scheduling Order and continue the pre-trial and trial dates. The telephone number listed for Mr. Espinoza on the court's website was out of service.

2

7. On December 14, 2017, I checked the California Department of Corrections and Rehabilitation Inmate Locator as well as the Kern County Jail Inmate Search to determine if Mr. Espinoza had been incarcerated. The results of both searches indicated that Mr. Espinoza was not currently incarcerated in these facilities.

8. On December 14, 2017, I attempted to contact Mr. Espinoza's Kern County Probation Officer to obtain his contact information. The Probation Officer has not yet returned my phone call.

9. I sent Mr. Espinoza a letter via facsimile and overnight mail on December 14, 2017, stating my request and asking that he contact me as soon as possible to discuss the case and my request to amend the Scheduling Order. As of the date of this declaration, I have not heard from Mr. Espinoza.

I declare under penalty of perjury that the foregoing is true and correct, except for those matters asserted on information and belief, of which I am informed and believe to be true. Executed this 18 day of December, 2017 at Sacramento, California.

/s/ Nicole L. Roman
NICOLE L. ROMAN

SA2016101100
33190324.docx

3

Declaration of Nicole L. Roman in Support of Motion to Amend the Scheduling Order  (1:16-cv-00193-DAD-JLT)

XAVIER BECERRA, State Bar No. 118517
Attorney General of California
PETER A. MESHOT, State Bar No. 117061
Supervising Deputy Attorney General
NICOLE L. ROMAN, State Bar No. 267730
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7663
  Fax: (916) 322-8288
  E-mail: Nicole.Roman@doj.ca.gov
*Attorneys for Defendant
California Highway Patrol Officer
Matt A. Ashe*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST J. ESPINOZA,<br><br>                              Plaintiff,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL, a government entity; STATE OF CALIFORNIA, a government entity; CITY OF BAKERSFIELD, a government entity; COUNTY OF KERN, a government entity; OFFICER MATT A. ASHE, an individual; and DOES 1 through 20, inclusive,<br><br>                              Defendants. | 1:16-cv-00193-DAD-JLT<br><br>**DECLARATION OF SUPERVISING DEPUTY ATTORNEY GENERAL ALBERTO L. GONZÁLEZ IN SUPPORT OF DEFENDANT'S MOTION TO AMEND THE SCHEDULING ORDER**<br><br>Date:           January 18, 2018<br>Time:          9:30 a.m.<br>Courtroom:<br>Judge:        Hon. Jennifer L. Thurston<br>Trial Date:  May 8, 2018<br>Action Filed: February 11, 2016 |

I, Alberto L. González, declare:

1. I am an attorney at law, licensed to practice in the state of California, and am employed as a Supervising Deputy Attorney General in the California Office of the Attorney General. I am personally familiar with the following facts.

2. This case was initially assigned to Former Deputy Attorney General Kenny Nguyen, with James C. Phillips as a secondary attorney. Mr. Nguyen left the Department of Justice on

1

July 26, 2017, to accept a position with the California Department of Business Oversight. Mr. Nguyen's departure was unexpected. At that time, the case was assigned solely to Mr. Phillips. Mr. Phillips' last day with the Department of Justice was on December 8, 2017. I was informed in late November of 2017 that Mr. Phillips had accepted a promotion as an Assistant Chief Counsel with the California Department of Corrections and Rehabilitation. I did not expect this departure. I served as Mr. Phillip's first line supervisor. I immediately began discussions with my co-Supervising Deputy Attorney General (SDAG) Peter Meshot as to the ability of the Sacramento office of the Tort and Condemnation Section (TCS) to expediently reassign this matter.

3.  Complicating the reassignment of this case is that since April of 2016, there have been significant staffing changes in the TCS due to a death, medical retirement, extended leaves of absence, and now five transfers to other departments. These have all been senior Deputies. There have been seven such departures, which constitutes half the section, and a resultant loss of experience trial attorneys. I am the senior Supervising Deputy Attorney, and in my 31 years in the office, this is an aberration in the Office of the Attorney General to have experienced such a turnover of positions in one office section.

4.  Each loss requires transferring existing cases to remaining Deputies, burdening the case load of the Deputies. Our current Deputies are taxed with heavy and busy trial calendars, which only becomes more so with each departure. Of the seven departures, SDAG Meshot and I have been diligently attempting to fill vacancies and have back-filled three positions but those Deputies quickly absorbed reassignments and on-going new assignments. The TCS has effectively have been operating at approximately 33-40% of our regular workforce for over a year and half.

5.  The case was re-assigned to Deputy Attorney General (DAG) Nicole L. Roman on December 13, 2017. Upon reassignment, DAG Roman reviewed the file and urgently relayed to me that despite the previous DAGs' efforts, no depositions had been taken. I was not aware that DAG Phillips had not secured the deposition of the plaintiff. DAG Roman further informed me that the dispositive motion deadline was less than one month away, on January 12, 2018.

///

2

6. Mr. Nguyen filed a Motion to Dismiss in March 2016, which was granted in part in September 2016. He also conducted and responded to substantial written discovery, including Interrogatories, Requests for Production of Documents, and Requests for Admission. He conferred with opposing counsel and the Court to create the current scheduling order, issued on November 7, 2016. Mr. Nguyen noticed Plaintiff's deposition on three separate occasions: June 13, 2017; June 29, 2017; and July 18, 2017. The June deposition dates were continued at Plaintiff's request due to his presence in a rehabilitation center. The July deposition date was continued due to Mr. Nguyen's scheduling conflicts. These multiple continuances were unanticipated.

7. Mr. Phillips received the case on July 26, 2017. Mr. Phillips was receiving new case assignments on ongoing cases that required immediate attention. Nonetheless, as a Deputy Attorney General V, the highest line working class which is deemed to require less supervision, it remains unexplained as to why Mr. Phillips did not initiate the appropriate work on this case.

8. I request, at a minimum, that the Court allow defendant Officer Ashe to take Mr. Espinoza's deposition, retain expert witnesses, and sufficient time afterward to prepare and file a Motion for Summary Judgment, if appropriate. Officer Ashe should not be prejudiced for the inactions by Mr. Phillips in handling this case.

9. I assure the Court that SDAG Meshot and I will work closely with the assigned DAG to prepare this case.

I declare under penalty of perjury that the foregoing is true and correct, except for those matters asserted on information and belief, of which I am informed and believe to be true. Executed this 15th day of December, 2017 at Sacramento, California.

*/s/ Alberto L. González*
ALBERTO L. GONZÁLEZ

SA2016101100
33194750.docx

3

XAVIER BECERRA, State Bar No. 118517
Attorney General of California
PETER A. MESHOT, State Bar No. 117061
Supervising Deputy Attorney General
NICOLE L. ROMAN, State Bar No. 267730
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7663
  Fax: (916) 322-8288
  E-mail: Nicole.Roman@doj.ca.gov
*Attorneys for Defendant*
*California Highway Patrol Officer*
*Matt A. Ashe*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST J. ESPINOZA,<br><br>                         Plaintiff,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL, a government entity; STATE OF CALIFORNIA, a government entity; CITY OF BAKERSFIELD, a government entity; COUNTY OF KERN, a government entity; OFFICER MATT A. ASHE, an individual; and DOES 1 through 20, inclusive,<br><br>                        Defendants. | 1:16-cv-00193-DAD-JLT<br><br>**EX PARTE APPLICATION FOR ORDER SHORTENING TIME ON DEFENDANT'S MOTION TO AMEND THE SCHEDULING ORDER AND DECLARATION OF NICOLE L. ROMAN IN SUPPORT OF SAME**<br><br>Judge:       Hon. Jennifer L. Thurston<br>Trial Date:  May 8, 2018<br>Action Filed: February 11, 2016 |

      Pursuant to Eastern District Local Rule 144(d), Defendant California Highway Patrol Officer Matt A. Ashe, through his counsel, hereby applies ex parte for an Order Shortening Time for his Motion to Amend the Scheduling Order. The attached declaration of Nicole L. Roman demonstrates that the hearing of this motion on shortened time is necessary due to impending pre-trial motion deadlines and upcoming trial. Thus, Defendant requests the court grant the following relief:

1. An order staying all pre-trial dates and deadlines as stated in the Scheduling Order (ECF 47) and shortening time for determining Defendant's Motion to Amend the Scheduling Order;

2. An order staying all pre-trial dates and deadlines pending the Court's ruling on Defendant's Motion to Amend the Scheduling Order currently set for hearing on January 18, 2018.

As the Court is aware, Defendant has filed a noticed Motion to Amend the Scheduling Order, which is currently on for hearing on January 18, 2018 (the first available hearing date to permit the requisite notice). The basis for Defendant's motion, while fully set forth therein, is in sum based on previous defense counsel's unexpected resignation and scheduling conflicts of new counsel.

Dated: December 18, 2017

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
PETER A. MESHOT
Supervising Deputy Attorney General

NICOLE L. ROMAN
Deputy Attorney General
*Attorneys for Defendant
California Highway Patrol Officer
Matt A. Ashe*

SA2016101100
33191672.docx

# DECLARATION OF NICOLE L. ROMAN

1. I am an attorney at law, licensed to practice in the state of California, and am employed as a Deputy Attorney General in the California Office of the Attorney General. This declaration is submitted in support of Defendant California Highway Patrol Officer Matt A. Ashe's Application for Order Shortening Time on the Motion to Amend Scheduling Order. I am personally familiar with the following facts.

2. The Motion to Amend the Scheduling Order seeks to revise the current scheduling order (ECF 47) to (1) re-open discovery to allow Defendant to take the deposition of Plaintiff Ernest Espinoza; (2) continue the deadline for non-dispositive motions; (3) continue the current deadline for dispositive motions; and (4) continue the current pretrial and trial dates.

3. An Order Shortening Time is necessary because the present deadline to file a dispositive motion is January 12, 2018. Due to notice requirements under Eastern District Local Rule 230, Defendant's Motion to Amend the Scheduling Order cannot be heard prior to this deadline.

4. I have attempted to contact Plaintiff Ernest Espinoza, who is representing himself in *pro se*, to discuss the Motion to Amend Scheduling Order. I called the phone number listed for Mr. Espinoza on the court's docket on December 13, 2017. The number was out of service. I sent Mr. Espinoza a letter via facsimile and overnight mail on December 14, 2017. As of today's date, I have not received a response from Mr. Espinoza. No email address is listed for Mr. Espinoza on the court's docket. Thus, I have been unable to ascertain Mr. Espinoza's position on the Motion to Amend the Scheduling Order or my request for shortened time for the hearing of the motion. Likewise, I have been unable to obtain a stipulation from Mr. Espinoza.

5. Attached is a proposed order granting the Application. On behalf of Officer Ashe, I respectfully request the Court to set the following briefing and hearing schedule:

- Plaintiff's Opposition to Motion to Amend the Scheduling Order: December 29, 2017
- Hearing: January 5, 2018 at 9:30 a.m.

///

///

6.   I hereby certify that the Application for Order Shortening Time is made in good faith and for good cause.

I declare under penalty of perjury that the foregoing is true and correct, except for those matters asserted on information and belief, of which I am informed and believe to be true. Executed this 18th day of December, 2017 at Sacramento, California.

      */s/ Nicole L. Roman*
NICOLE L. ROMAN

XAVIER BECERRA, State Bar No. 118517
Attorney General of California
PETER A. MESHOT, State Bar No. 117061
Supervising Deputy Attorney General
NICOLE L. ROMAN, State Bar No. 267730
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7663
 Fax: (916) 322-8288
 E-mail: Nicole.Roman@doj.ca.gov
*Attorneys for Defendant
California Highway Patrol Officer
Matt A. Ashe*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST J. ESPINOZA,<br><br>                                    Plaintiff,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL, a government entity; STATE OF CALIFORNIA, a government entity; CITY OF BAKERSFIELD, a government entity; COUNTY OF KERN, a government entity; OFFICER MATT A. ASHE, an individual; and DOES 1 through 20, inclusive,<br><br>                                    Defendants. | 1:16-cv-00193-DAD-JLT<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT'S EX PARTE APPLICATION FOR ORDER SHORTENING TIME ON THE MOTION TO AMEND SCHEDULING ORDER**<br><br>Trial Date:     May 8, 2018<br>Action Filed:  February 11, 2016 |

   This matter came before the court on Defendant California Highway Patrol Officer Matt A. Ashe's Ex Parte Application for an Order Shortening Time for Hearing on Defendant's Motion to Amend the Scheduling Order. Upon considering Defendant Officer Ashe's ex parte application, the declaration of Nicole L. Roman filed therewith, Defendant's Motion to Amend the Scheduling Order, filed concurrently, and the declarations of Nicole L. Roman and Alberto Gonzalez filed

1

therewith, it appears to the satisfaction of the Court that this is a proper case for granting an Order Shortening Time.

IT IS HEREBY ORDERED that the hearing on Defendant's Motion to Amend the Scheduling Order shall take place on _____ at _____.

IT IS FURTHER ORDERED that the following briefing schedule shall apply:

Plaintiff shall file and serve his Opposition, if any, no later than _____.

Defendant shall and serve his Reply, if any, no later than _____.

DATED: _____

_____
U.S. MAGISTRATE JUDGE

SA2016101100
33193720.docx

2

# CERTIFICATE OF SERVICE

Case Name:  **Ernest J. Espinoza v. California Highway Patrol, et al.**     No.  **1:16-cv-00193-DAD-JLT**

I hereby certify that on <u>December 18, 2017</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO AMEND THE SCHEDULING ORDER (ECF NO. 47), DECLARATION OF NICOLE L. ROMAN IN SUPPORT OF MOTION TO AMEND THE SCHEDULING ORDER, DECLARATION OF SUPERVISING DEPUTY ATTORNEY GENERAL ALBERTO L. GONZÁLEZ IN SUPPORT OF DEFENDANT'S MOTION TO AMEND THE SCHEDULING ORDER, AND EX PARTE APPLICATION FOR ORDER SHORTENING TIME ON DEFENDANT'S MOTION TO AMEND THE SCHEDULING ORDER AND DECLARATION OF NICOLE L. ROMAN IN SUPPORT OF SAME, AND [PROPOSED] ORDER GRANTING DEFENDANT'S EX PARTE APPLICATION FOR ORDER SHORTENING TIME ON THE MOTION TO AMEND SCHEDULING ORDER**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>December 18, 2017</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Ernest J. Espinoza
2901 S. H Street, #B
Bakersfield, CA 93304

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>December 18, 2017</u>, at Sacramento, California.

| Yvette M. Greenwood | /s/ Yvette M. Greenwood |
|---|---|
| Declarant | Signature |

SA2016101100/33196399.docx