UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST J. ESPINOZA, | Case No.: 1:16-cv-0193 - JLT |
| Plaintiff, | ORDER GRANTING DEFENDANT'S APPLICATION FOR AN ORDER SHORTENING TIME FOR THE MOTION TO MODIFY THE COURT'S SCHEDULING ORDER |
| v. | |
| CALIFORNIA HIGHWAY PATROL, et al., | |
| Defendants. | (Doc. 69) |

Defendant filed an ex parte application to shorten time to hear its motion to modify the Court's Scheduling Order related to the discovery deadlines. (Doc. 69) For the reasons set forth below, Defendant's motion is **GRANTED**.

**I.      Relevant Background**

The Court entered its Scheduling Order in this action on November 7, 2016. (Doc. 47) At that time, the parties were "ordered to complete all discovery, pertaining to non-experts and experts, on or before November 7, 2017." (*Id.* at 2, emphasis omitted) The parties were ordered to file "[a]ll non-dispositive pre-trial motions, including any discovery motions,… no later than November 24, 2017." (*Id.* at 3) The parties were also informed: "**No motion to amend or stipulation to amend the case schedule will be entertained unless it is filed at least one week before the first deadline the parties wish to extend**." (*Id.*, emphasis in original)

In a Joint Status Report regarding discovery dated May 5, 2017, Defendant informed the Court

1

that he had "served requests for production of documents, including requests for all relevant medical and billing records for the treatment of Plaintiff's injuries." (Doc. 62 at 2) In addition, Defendant indicated that he "intend[ed] to take Plaintiff's deposition in June 2017 following the completion of Plaintiff's document production." (*Id.*) The Court found the "discovery efforts [were] proceeding appropriately," and vacated the mid-discovery status conference. (Doc. 54)

On December 28, 2017, Defendant filed a motion to amend the scheduling order (Doc. 68), accompanied by an ex parte application to shorten time on the hearing, which is now pending before the Court. (Doc. 71)

## II.     Defendant's Ex Parte Application

Local Rule 144 governs ex parte applications for orders shortening time. In relevant part, the Rule provides:

> Applications to shorten time shall set forth by affidavit of counsel the circumstances claimed to justify the issuance of an order shortening time. Ex parte applications to shorten time will not be granted except upon affidavit of counsel showing a satisfactory explanation of the need for the issuance of such an order and for the failure of counsel to obtain a stipulation for the issuance of such an order from other counsel or parties in the action. Stipulations for the issuance of an order shortening time require the approval of the Judge or Magistrate Judge on whose calendar the matter is to be heard before such stipulations are given effect. Any proposed order shortening time shall include blanks for the Court to designate a time and date for the hearing and for the filing of any response to the motion.

Local Rule 144(e).

Orders shortening time are "reserved for the rare occasion where other options are unavailable." *Lema v. City of Modesto*, 2012 U.S. Dist. LEXIS 29699 at *3 (E.D. Cal. Mar. 6, 2012). Although Local Rule 144 "does not state what 'circumstances' justify the order or what a 'satisfactory explanation' is, but courts generally require that the applicant demonstrate circumstances showing that (1) the applicant is not the cause of its own predicament, and (2) the order is 'needed' to avoid some type of harm." *Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc.*, 2007 U.S. Dist. LEXIS 85849 at *2 (E.D. Cal. Nov. 8, 2007) (citing, *e.g., In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989) (holding that ex parte "applications are not intended to save the day for parties who have failed to present requests when they should have"). As the Central District stated, the moving party "must show… [its] cause will be irreparably prejudiced if the underlying motion is heard

according to regular noticed motion procedures." *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Defendant asserts the hearing of his motion to amend the scheduling order "on shortened time is necessary due to impending pre-trial motion deadlines and upcoming trial." (Doc. 71 at 1) Defendant notes the hearing is currently set for January 18, 2018, while "the present deadline to file a dispositive motion is January 12, 2018." (*Id.* at 2, 3) Therefore, Defendant requests the hearing date on the motion to amend be advanced to January 5, 2018. (*Id.* at 3)

### III. Conclusion and Order

Due to the impending deadlines, the Court **ORDERS**:

1. Defendant's motion for an order shortening time (Doc. 69) is **GRANTED in PART**;
2. Plaintiff **SHALL** file an opposition to the motion or a statement that he does not oppose the motion no later than **January 5, 2018**;
3. No reply papers are authorized to be filed;

After the Court receives the opposition, it will determine whether a hearing on the motion is needed.

IT IS SO ORDERED.

Dated: __**December 27, 2017**__        /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE