# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST J. ESPINOZA, | Case No.: 1:16-cv-00193 - JLT |
| Plaintiff, | ORDER DISMISSING THE ACTION WITHOUT PREJUDICE |
| v. | |
| CALIFORNIA HIGHWAY PATROL, et al., | |
| Defendants. | |

Ernest Espinoza initiated this action by filing on February 11, 2016. (Doc. 1) Because he has failed to comply with the Local Rules and the Court is unable to communicate with Plaintiff, the action is **DISMISSED** without prejudice.

## I.      Relevant Procedural History

In May 2017, the Court approved the request of counsel to withdraw from the action after which the plaintiff proceeded *pro se* with the prosecution of this action. (Docs. 65, 66)

In December 2017, Nicole Roman, Defendants' counsel attempted to contact Plaintiff regarding amending the Court's scheduling order. (Doc. 71 at 3, Roman Decl. ¶ 4) Ms. Roman reported she "called the phone number listed for Mr. Espinoza on the court's docket on December 13, 2017," but "[t]he number was out of service." (*Id.*) Ms. Roman then sent Plaintiff "a letter via facsimile and overnight mail," but did not receive a response. (*Id.*) On December 28, 2017, the Court granted Defendants' ex parte application for an order shortening time to modify the schedule. (Doc. 72)

1

On January 10, 2018, the Court's order was returned as "Undeliverable" by the United States Postal Service, which noted the mail was "Not Deliverable as Addressed; Unable to Forward." To date, Plaintiff's mailing address remains unknown, because he has not filed a "Notice of Change of Address" with the Court.

## II. Requirements of the Local Rules

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his current address: "If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." LR 183(b). Because more than 63 days have passed since the Court's order was returned as undeliverable, Plaintiff has failed to comply with the Local Rules.

## III. Discussion and Analysis

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 2995) (dismissal for failure to comply with local rules); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to prosecute, failure to comply with the Local Rules, or failure to obey a court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d

983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). Judges in the Eastern District of California carry one of the heaviest caseloads in the nation, and this Court cannot, and will not hold, this action in abeyance while waiting for Plaintiff to notify the Court of a change in address.

The risk of prejudice to the defendant also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Finally, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

## IV.     Conclusion and Order

Plaintiff has failed to follow the requirements of the Local Rules, which require him to provide a current mailing address to the Court. As set forth above, the factors set forth by the Ninth Circuit weigh in favor of dismissal of the matter.

Accordingly, the Court **ORDERS**:

1.     This action is **DISMISSED** without prejudice; and

2.     The Clerk of Court is **DIRECTED** to close this action.

IT IS SO ORDERED.

Dated:  **March 20, 2018**            **/s/ Jennifer L. Thurston**
                                                                UNITED STATES MAGISTRATE JUDGE